IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brewer, | ) |
|                 Plaintiff, | ) C/A No. 1:17-2212-MBS |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| South Carolina Department of Corrections, et al., | ) |
|                 Defendants. | ) |

At the time of the underlying events, Plaintiff Ronald Brewer was an inmate in custody of the South Carolina Department of Corrections (SCDC). On July 17, 2017, Plaintiff, through counsel, filed a complaint in the Court of Common Pleas for Dorchester County, South Carolina, asserting that his constitutional rights were violated by Defendants Dominick Smith, Nancy Lewis, Charles Hartzog, Edsel Taylor, Carlos Strickland, Adam Gaulden, Roy Hill, and Rodney Chang, correctional officers at MacDougall Correctional Institution (MCI) and Trenton Correctional Institution (TCI). See 42 U.S.C. § 1983. Plaintiff also asserted state law claims against SCDC. Defendants removed the action to this court on August 18, 2017, on the basis of federal question jurisdiction. Plaintiff filed an amended complaint on September 15, 2017. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

FACTS

Plaintiff alleges that on November 24, 2015, three gang members unsuccessfully attempted to extort him at MCI. On December 15, 2015, Plaintiff purportedly returned to his cell after dinner and found feces smeared on his possessions and around the walls of his cell. Plaintiff states that he

informed MCI correctional officers that he was being targeted by gang members, and asked to be moved to a different cellblock. His request was denied. The next morning, Plaintiff returned from the bathroom to discover someone had poured a liquid on his bed. According to Plaintiff, he reported the incident and again requested to be relocated.

On December 18, 2015, Plaintiff was informed by correctional officers that they had received word the gang members intended to throw hot oil on Plaintiff. Plaintiff again asked to be moved. Plaintiff alleges that, despite repeated requests throughout the day on December 18, 2015, and continuing on December 19, 2015, he was not relocated. According to Plaintiff, various correctional officers simply cautioned Plaintiff to be careful. Around 3:15 a.m. on December 20, 2015, someone threw a liter of superheated oil on Plaintiff. Plaintiff was escorted to the administrative office and then to a different cellblock. Plaintiff contends that he was not afforded medical treatment for over eight hours, when he was sent to Trident Hospital and treated for third-degree burns. Plaintiff asserts that he received no follow-up care and was that he transferred to TCI in July 2016 in retaliation for retaining an attorney to represent him in any claims he might have against MCI.

Plaintiff contends that during the night on or about January 29, 2017, he was attacked at TCI by gang members. Plaintiff alleges that he suffered brain injury; chipped and loosened teeth; and contusions to his head, back, and arms. Plaintiff alleges that he received no medical care until 8:30 a.m. and that he has never received dental treatment. Plaintiff further alleges that about a week later, he was attacked by a masked inmate with a knife. Plaintiff alleges that TCI correctional officers were aware of similar gang activity prior to the attacks. See generally Compl., ECF No. 16.

DISCUSSION

On January 11, 2019, Defendants filed a motion for summary judgment, to which were

appended excerpts of deposition testimony of Plaintiff and Defendant Hartzog, among other exhibits. Plaintiff filed a response in opposition on January 25, 2019. Defendants filed a reply on February 1, 2019. On May 21, 2019, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge first noted that Plaintiff admitted he filed no grievances with respect to the events he alleges occurred at TCI. The Magistrate Judge found that Plaintiff's § 1983 claims for any incident at TCI are barred because Plaintiff failed to exhaust his administrative remedies regarding those incidents. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 52 (2002).

As to the events at MCI, the Magistrate Judge found that Plaintiff had exhausted the SCDC's available administrative remedies. Accordingly, the Magistrate Judge turned to the merits of Plaintiff's § 1983 claim, which the Magistrate Judge construed as failure to protect. As the Magistrate Judge properly observed, the Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. Id. at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834. A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. Id. at 837. In this case, Defendants conceded that the risk of harm to Plaintiff was sufficiently serious. Therefore, the Magistrate Judge evaluated only whether the MCI Defendants were deliberately indifferent to the risk to Plaintiff's health and safety.

The Magistrate Judge observed that Plaintiff's admitted in his deposition that Defendant Gaulden did not have authority to move him. Plaintiff testified that it was not Defendant Strickland's fault he did not prevent the hot oil attack, because he was in the bathroom and "[e]verybody's got to use the bathroom." ECF No. 51-2, 42. The Magistrate Judge determined Plaintiff had presented no facts showing that Defendant Taylor, the Warden, was aware of a threat to Plaintiff. The Magistrate Judge further noted that Defendant Hartzog testified he ensured Defendant Hill, a shift lieutenant, was aware of the situation and was taking steps to handle it; that Defendant Hill offered to move Plaintiff to a different building, but that Plaintiff had refused; and that he had mixed feelings about moving Plaintiff because MCI has an open yard, no type of protective custody, and sometimes moving inmates made a situation worse. ECF No. 51-3, 5-7.

As the Magistrate Judge observed, Plaintiff testified in his deposition that Defendants Hill, Lewis, and Smith were all aware of a potential attack on Plaintiff and discussed the matter with him. Defendant Hill offered to move Plaintiff to a different unit, but Plaintiff refused because that unit housed troublemakers and had more gang activity. ECF No. 51-2, 34, 37. Finally, the Magistrate Judge determined that there is no evidence Defendant Chang was aware of any specific threat to Plaintiff or that he had knowingly regarded such a risk. Thus, the Magistrate Judge concluded that Plaintiff failed to submit evidence that any individual Defendant had a sufficiently culpable state of mind to state a claim under § 1983. The Magistrate Judge recommended that Defendants' motion for summary judgment as to Plaintiff's § 1983 claims be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## CONCLUSION

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment is **granted** in part as to Plaintiff's § 1983 claims against the individual Defendants. The court declines to address the merits Defendants' motion for summary judgment as to Plaintiff's state law claims against SCDC. Defendants' motion for summary judgment is **denied without prejudice** in part to allow Plaintiff to pursue his remaining causes of action in state court. Accordingly, the state law claims against SCDC are remanded to the Court of Common Pleas for Dorchester County, South Carolina, pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 19, 2019